Suzette WILSON and Harry Wilson, Individually and as Next Friend of Joshua and Nicholas Wilson, Appellants,

v.

Mark L. KUTLER, M.D., Appellee.

No. 05–97–01342–CV.

Court of Appeals of Texas, Dallas.

Jan. 6, 1998.

---

Donna R. Morris, Patrick Allen Wright, Morris & Morris, Flower Mound, for Appellants.

Charles G. Bell, Gwinn & Roby, Dallas, for Appellee.

Before THOMAS and WHITTINGTON and BRIDGES, JJ.

## OPINION

WHITTINGTON, Justice.

Appellee Mark L. Kutler, M.D. has filed a motion in this Court to dismiss this appeal for lack of jurisdiction. Appellee contends that appellants did not timely perfect their appeal, and thus failed to invoke this Court's jurisdiction. We agree and, accordingly, dismiss the appeal.

## Factual Background

The controversy regarding the timeliness of the perfection of appellants' appeal arises out of the fact that two ostensibly final summary judgments were signed by the trial court. Appellee filed a motion for summary judgment on March 12, 1997. The presiding judge referred the motion to a master for a hearing. Although no written recommendation appears in the record, the parties agree, and the trial court's docket sheet reflects, that the master recommended granting the motion.

On April 23, 1997, appellants requested a hearing before the presiding judge on appellee's motion for summary judgment and the master's recommendation. A hearing date was set for June 6, 1997. On April 24, 1997, prior to conducting appellants' requested hearing, the trial court signed an order granting appellee's motion for summary judgment. Approximately two months later, on June 20, 1997, the trial court signed a second order. The order states that, after considering the summary judgment evidence and the argument of counsel, the court was of the opinion that the previously granted summary judgment should be affirmed. Appellants perfected their appeal on July 18, 1997.

## Discussion

In his motion to dismiss for lack of jurisdiction, appellee contends the trial court's order signed on April 24, 1997, was a final, appealable judgment. Appellee further contends that the trial court's second judgment, signed two months later, was outside the trial court's plenary power and, therefore, void. See TEX.R. CIV. P. 329b. If the first judgment was final, appellants were required to perfect their appeal by May 26, 1997. See TEX.R.APP. P. 41. Because appellants did not perfect their appeal until July 18, 1997, approximately three months after the first judgment was signed, appellee argues they failed to invoke this Court's jurisdiction.

Under chapter 54 of the Texas Government Code, certain district courts in Dallas County may refer matters before them to

qualified masters for consideration. TEX. GOV'T CODE ANN. §§ 54.501–506 (Vernon 1988). A referring court may adopt, modify, correct, reject, reverse, or recommit for further information the master's report. *Id.* § 54.513(a). However, "[a]fter receiving notice of the master's findings, any party is *entitled* to a hearing before the judge of the referring court." *Id.* § 54.514(a) (emphasis added). Appellants in this case invoked their right to a hearing before the presiding judge by filing a request for a hearing on appellee's motion for summary judgment and the master's recommendation.

A party's entitlement to a hearing before the judge of the referring court under section 54.514(a) is similar to the former provisions of the Texas Government Code regarding appeals of master's reports in family court. *See* Act of June 18, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex. Gen. Laws 2507, 2519–20, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(3), 1995 Tex. Gen. Laws 113, 282 (current version at TEX. FAM. CODE ANN. § 201.015 (Vernon 1996)). Under former section 54.012, any party was entitled to a hearing before the judge of the referring court if, within three days after the master submitted his report, an appeal of the report was filed with the referring court. *Id.* In construing this provision, the Texas Supreme Court concluded it was error for a referring court to enter a final judgment without conducting a properly requested hearing. *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex.1995). Although the judgment entered prior to conducting the requested hearing was erroneous, the supreme court further concluded the judgment was final and appealable. *Id.* The mere failure to follow proper procedure did not render the judgment void. *Id.*

■ Similarly, in this case we conclude that the trial court's order signed on April 24, 1997 was a final and appealable judgment. It purports to dispose of all issues and parties. *See id.* Although the trial court should have conducted the hearing requested by appellants prior to entering the order, such failure does not render the judgment void. *See id.* It appears that the trial court attempted to correct its error in failing to conduct the requested hearing by entering the second judgment. Because the April 24 judgment is final, however, the trial court's order of June 20, 1997 is a nullity. *See* TEX.R. CIV. P. 329b.

■ Appellants urge us to treat their request for a hearing as a motion for new trial and thereby extend the appellate timetable. *See* TEX.R.APP. P. 41. Appellants argue that their motion requesting a hearing was effective as a motion for new trial even though it was both "misnamed" and "premature." It is true that the court must look to the content of a filing rather than its title to determine its nature. TEX.R. CIV. P. 71. In this case, however, the title of appellants' motion accurately reflects its substance and the relief sought. Nothing in the body of appellants' request for a hearing suggests that it was intended to function as a motion for new trial. The motion requests relief under chapter 54 in the form of a hearing *prior* to entry of the final judgment. Appellants sought review of appellee's motion for summary judgment and the master's recommendation, not of a judgment. Accordingly, appellants' motion is in neither form nor substance a motion for new trial.

■ Because no motion for new trial was filed, appellants' appeal bond was due within thirty days after the final judgment was signed. TEX.R.APP. P. 41. Because the final judgment in this case was signed on April 24, 1997, appellants' bond was due to be filed no later than May 26, 1997. Appellants' failure to file their appeal bond by that date creates a jurisdictional defect in the appeal. *See Fite v. Johnson,* 654 S.W.2d 51, 52 (Tex. App.—Dallas 1983, no writ). We grant appellee's motion to dismiss and dismiss this appeal for want of jurisdiction.