**In the Interest of B.O.G., A Child.**

**No. 10–00–198–CV.**

Court of Appeals of Texas,
Waco.

May 2, 2001.

Rehearing Overruled July 5, 2001.

---

Rick Davis, D. Michael Holt, Bryan, for appellant.

Ray Epps, Pamela E. George, Houston, Dana L. Zachary, Bryan (Attorney Ad Litem), for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

This is a case about a Texas court's jurisdiction over the conservatorship and possession of, access to, and child support for a child who has moved to another state. The trial court, responding to a request by the managing conservator who had moved to Virginia with the child, dismissed all pending motions for lack of jurisdiction, including motions to modify conservatorship and child support filed by the possessory conservator, and a motion to modify visitation filed by the grandparents who had court-ordered grandparental visitation rights. We will affirm the trial court's order in part and reverse in part, based on the law as it existed at the applicable times.

## PROCEDURAL HISTORY

This case has an arduous procedural history. From the clerk's record, we glean the following pertinent events:

*1995*

- February 8: Gregg and Sabrina Greer were divorced in the County Court at Law No. 2, Brazos County, Texas. Sabrina was appointed sole managing conservator of B.O.G., Gregg's and Sabrina's son, and Gregg was appointed possessory conservator and ordered to pay child support.
- May 24: An order was issued with minor modifications of visitation provisions pertaining to Gregg.

*1996*

- November 8: Gregg, who had moved to Canada for medical reasons, filed a motion to modify his visitation rights. Gregg's parents, John and Wanda Greer, residents of Texas, intervened with a petition for grandparental visitation rights.

*1998*

- April 29: Gregg filed a "supplement" to his motion to modify, requested to be named joint managing conservator, and asked that his child support be reduced.
- May 11–15: After a jury trial, John and Wanda were awarded visitation rights. Gregg requested that his conservatorship issue also be presented to the jury, but the trial court refused.
- July 22: A "Decree Granting Grandparent Access" was signed. Separately, also on July 22, an order was issued modifying Gregg's visitation rights but not addressing his requests to be named joint managing conservator and to modify child support.
- **August 1: Sabrina and B.O.G. moved to Virginia.**
- August 14: The trial judge recused herself, and the judge of the 85th District Court of Brazos County was assigned to preside over the case.
- August 20: John, Wanda, and Gregg filed a motion for a new trial. John

and Wanda wanted their access and possession rights in the decree modified. Gregg complained that he should have had a jury trial on his motion to be appointed joint managing conservator and about his motion to modify child support not being heard. All three wanted attorney's fees from the trial.

- November 12: The motion for a new trial was denied, but it specifically excepted "the Motion to Modify In Order to Reduce Child Support which was filed by Gregg Only Greer [which] remains pending since the Decree entered July 22, 1998 was not final in that regard. Since the Court retains continuing exclusive jurisdiction over the case, said Motion to Modify will be determined at a later date to be determined by the Court. ... [A]ll other relief not expressly granted herein is denied."

- October 12: Gregg, John, and Wanda appealed from both the decree and the order issued on July 22, 1998. Sabrina did not file cross-points.

**1999**

- February 12: Gregg filed another motion to modify the order of May 24, 1995, and requested to be appointed sole managing conservator and that child support be modified accordingly.

- November 18: The Fourteenth Court of Appeals dismissed the appeal as moot when, after oral argument, Gregg, John, and Wanda sent the court a letter that there were motions pending in the trial court to modify and to enforce the decrees.

- December 20: Pursuant to a motion to enforce filed by Gregg, the trial court held Sabrina in contempt, placed her on five years probation, and ordered her to pay $12,000 in attorney's fees.

**2000**

- January 14: Sabrina filed a counter-motion to modify, requesting the court to suspend Gregg's, John's, and Mary's visitation rights. She also filed separate motions for contempt against Gregg and against John and Wanda.

- January 26: Sabrina filed a motion for a preferential trial setting on Gregg's motion for conservatorship, Gregg's motion to reduce child support, and her counter-motion to modify.

- March 10: Gregg filed an "amended" motion to modify the order of July 22, 1998, and requested that he be appointed either sole or joint managing conservator and that child support be modified accordingly. Gregg did not specify which previous motion he was amending.

- March 21: John and Wanda filed a motion to enforce in which, among other things, they requested the relief of additional visitation as appropriate under the Family Code.

- March 29: Sabrina filed a motion to dismiss "all pending matters for lack of jurisdiction."[1] Sabrina claimed B.O.G. had a new home state, and therefore jurisdiction over B.O.G. was in Virginia. In the motion, Sabrina requested the following relief: "All pending matters pertaining to custody, possession or access that changes the original order must be dismissed, or transferred to the State of Virginia."

---

**1.** She cited *Phillips v. Beaber,* 995 S.W.2d 655 (Tex.1999) (discussing the Uniform Child Custody Jurisdiction Act ("UCCJA")), and quoted section 155.003(b) of the Family Code: "A court of this state may not exercise its continuing, exclusive jurisdiction to modify managing conservatorship if: (1) the child's home state is other than this state ...."

Sabrina acknowledged in the motion that Gregg's motion to modify child support (which order was to be modified was unspecified) and his February 12, 1999, motion to modify conservatorship were still pending in the trial court.

- April 5: A hearing was held on Sabrina's motion to dismiss.
- May 15: The trial court issued an order granting Sabrina's motion to dismiss, and specifically dismissed Gregg's motion to modify conservatorship.[2] The court also dismissed "all pending motions to modify filed by any party . . . including" Gregg's motion to modify child support, Sabrina's counter-motion to modify, and John's and Wanda's motion to modify grandparent visitation. There was a "mother hubbard" clause in the order which denied "[a]ll other relief requested by any party." Gregg, John, and Wanda appeal from this order.[3]

## WHICH MOTIONS?

■ Gregg, John, and Wanda complain on appeal that the trial court had jurisdiction over their motions, and should not have dismissed them for lack of jurisdiction. The numerous motions and orders on file do not always specify to which other orders or motions they refer, making it difficult to know which motions were pending at the time of the May 15 order. The question of which motions were pending is important because the trial court loses jurisdiction to hear motions *filed* after the child and the custodial parent have resided in another state six months or more.

There were several possible motions pending on May 15, 2000:[4]

- Gregg's November 8, 1996 motion to modify his visitation rights. (This appears however to have been disposed of by the court's July 22, 1998, order.)
- Gregg's April 29, 1998, "supplement" to his motion to modify, in which he requested to be named joint managing conservator and that his child support be reduced.
- Gregg's February 12, 1999, motion to modify the order of May 24, 1995, in which he requested to be appointed sole managing conservator and that child support be modified accordingly.
- Gregg's March 10, 2000, "amended" motion to modify the order of July 22, 1998, in which he requested that he be appointed either sole or joint managing conservator and that child support be modified accordingly. This motion did not specify which previous motion it seeks to amend.
- John's and Wanda's March 21, 2000, motion to enforce, which among other things, requested additional visitation as appropriate under the Family Code.

■ Gregg filed an "amended" motion on March 10, 2000. Amended motions substitute for and relate back in time to the motions they amend, if the amended motion does not pertain to a wholly new, distinct, or different matter. *Ex parte*

2. The court made an "Alternate Ruling" that if it had jurisdiction, then there was insufficient evidence to support Gregg's motion to modify conservatorship.

3. In addition, on May 15, 2000, the trial court issued a second order dismissing two pending motions to enforce and for contempt filed by Sabrina and one such motion filed by John and Wanda. Also on May 15, the court on its own motion, issued a third order modifying the provisions of the 1998 decree granting grandparental access to John and Wanda which provisions pertained to pickup and return times of B.O.G.

4. Sabrina's January 14, 2000, counter-motion was also dismissed in the May 15 order. She did not appeal from the dismissal.

*Goad,* 690 S.W.2d 894, 896 (Tex.1985). Therefore, Gregg's March 10 motion substituted for either his February 12, 1999, motion or his April 29, 1998, motion. Sabrina evidently intended her motion to dismiss to pertain to Gregg's February 12 motion because she specifically referred to it in her motion. However, the question is whether Gregg's February 12, 1999, motion was an amendment to his April 29, 1998, motion in which he first raised the issues of conservatorship and child support. The court must look to a motion's content rather than its title to determine its nature. TEX.R. CIV. P. 71; *Wilson v. Kutler,* 971 S.W.2d 557, 559 (Tex.App.—Dallas 1998, no writ). We interpret Gregg's February 12 motion as an amendment to his April 29, 1998, motion. Therefore, Gregg's motions to modify conservatorship and child support are deemed filed on April 29, 1998.

John's and Wanda's motion was filed on March 21, 2000.

## THE JURISDICTIONAL STATUTES

A court that renders a final order in a suit affecting the parent-child relationship acquires continuing, exclusive jurisdiction over matters pertaining to the child. TEX. FAM.CODE ANN. § 155.001(a) (Vernon 1996). As a general rule, the court retains continuing, exclusive jurisdiction, but there are exceptions. The matter is governed by section 155.003 of the Family Code.

*§ 155.003. Exercise of Continuing, Exclusive Jurisdiction*

(a) Except as otherwise provided by this section, a court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child.

(b) A court of this state may not exercise its continuing, exclusive jurisdiction to modify managing conservatorship if:

(1) the child's home state is other than this state; or

(2) modification is precluded by Chapter 152.

(c) A court of this state may not exercise its continuing, exclusive jurisdiction to modify possessory conservatorship or possession of or access to a child if:

(1) the child's home state is other than this state and all parties have established and continue to maintain their principal residence outside this state; or

(2) each individual party has filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction of the suit.

(d) A court of this state may not exercise its continuing, exclusive jurisdiction to modify its child support order if modification is precluded by Chapter 159.

TEX. FAM.CODE ANN. § 155.003 (Vernon 1996).

■ "Home state" means "the state in which the child, preceding the time involved, lived with the child's parent ... for at least six consecutive months ...." TEX. FAM.CODE ANN. § 152.002(6) (Vernon 1996).[5] The "time involved" means the

---

5. The section has been recodified in the Uniform Child Custody Jurisdiction and Enforcement Act, made effective September 1, 1999, and which superseded the UCCJA, as TEX.

FAM.CODE ANN. § 152.102(7) (Vernon Supp. 2001): "the state in which a child lived with a parent ... for at least six consecutive months

date on which a motion was filed. *See Phillips v. Beaber*, 995 S.W.2d 655, 657 (Tex.1999); *Koester v. Montgomery*, 886 S.W.2d 432, 435 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Bruneio v. Bruneio*, 890 S.W.2d 150, 153 (Tex.App.—Corpus Christi 1994, no writ).

The parties do not dispute that the trial court at some point had continuing, exclusive jurisdiction over all their motions. What they disagree about is when, if ever, the trial court lost that jurisdiction. It is also not in dispute that Gregg has resided in Canada since 1996, Sabrina and B.O.G. have resided in Virginia since August 1, 1998, and John and Wanda reside in Texas.

## ANALYSIS

*Gregg's Motions*

■ Pursuant to section 155.003(b)(1), the trial court was without jurisdiction over Gregg's motion to modify conservatorship if B.O.G.'s "home state" was Virginia, *i.e.*, if he had lived there with Sabrina six months or more before the date Gregg filed his motion. *See* Tex. Fam.Code Ann. § 152.003(d) (Vernon 1996); *see Phillips*, 995 S.W.2d at 657. Sabrina moved to Virginia on August 1, 1998. Gregg's motion was filed on April 29, 1998. Therefore, the trial court had jurisdiction over Gregg's motion. Sabrina argues that the correct date is February 12, 1999, the date of filing of the motion about conservatorship which we interpreted as an amendment to his April 29 motion. If the correct date is February 12, 1999, the trial court would have been without jurisdiction, because Sabrina and B.O.G. lived in Virginia six months and eleven days before that motion was filed. However, that is not the case as we have explained. The trial court had jurisdiction over Gregg's motion to modify

conservatorship, and the motion should not have been dismissed.

■ As for Gregg's motion to modify child support, pursuant to section 155.003(d), the trial court had jurisdiction unless precluded by Chapter 159 of the Family Code. Chapter 159 contains the provisions of the Uniform Interstate Family Support Act ("UIFSA"). Section 159.205(a) and (a)(1) provides: "A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order [as] long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued." Tex. Fam.Code Ann. § 159.205(a) and (a)(1) (Vernon Supp. 2001). Gregg moved to Canada in 1996. Sabrina and B.O.G. moved to Virginia in August of 1998. Therefore, the trial court did not have jurisdiction to modify child support.

*John's and Wanda's Motion*

■ John and Wanda, as part of a motion to enforce they filed on March 21, 2000, included a request for additional visitation as appropriate under the Family Code. We note that the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") became effective September 1, 1999, replacing the UCCJA. *McGuire v. McGuire*, 18 S.W.3d 801, 806 (Tex. App.—El Paso 2000, no pet.). The UCCJEA applies to any proceeding, including modifications, filed on or after September 1, 1999. *Id.* Notably, the UCCJEA broadens the matters covered by the act to include all forms of custody and visitation, *i.e.*, all matters (excluding child support) which might be filed by Gregg, Sabrina, John, and Wanda. Tex. Fam.Code Ann. § 152.102(3), (4) (Vernon Supp.2001). If

immediately before the commencement of a child custody proceeding."

John's and Wanda's motion had been filed before September 1, 1999, section 155.003(c), which does not refer to chapter 152, may have given the trial court jurisdiction. However, section 152.002 of the UCCJEA states: "If a provision of this chapter conflicts with a provision of this title or another statute or rule of the state and the conflict cannot be reconciled, this chapter prevails." Therefore, because Virginia is B.O.G.'s home state and he resides there, the trial court did not have jurisdiction over John's and Wanda's motion filed after the effective date of the UCCJEA. TEX. FAM.CODE ANN. §§ 152.102(7), 152.201, 152.202 (Vernon Supp.2001).

## CONCLUSION

The trial court had jurisdiction over Gregg's motion to modify conservatorship. The trial court did not have jurisdiction over Gregg's motion to modify child support, John's and Wanda's motion to modify their grandparental visitation, any new motion to modify conservatorship filed after January 31, 1999 (six months after Sabrina moved to Virginia on August 1, 1998), or any motion of whatever character involving custody or visitation filed after September 1, 1999. Therefore, we affirm in part and reverse in part, and remand the cause for proceedings not inconsistent with this opinion.