In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00068-CV


______________________________




ATTORNEY GENERAL OF TEXAS, Appellant



V.



DANIEL HOWARD DAVIES, Appellee




 


On Appeal from the 300th Judicial District Court


Brazoria County, Texas


Trial Court No. 91B1090




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 The Attorney General sued Daniel Davies for enforcement of Davies' child support
obligations. The Attorney General appeals the trial court's second judgment, signed
January 23, 2001, which found Davies in arrearage in the amount of $18,297.89. This
second judgment purports to set aside the first judgment signed November 17, 2000,
finding Davies in arrearage in the amount of $26,043.17.

 The Attorney General presents three points of error. The first point contends the
second judgment is void because it was signed outside the trial court's plenary jurisdiction. 
The second point contends the trial court abused its discretion by excluding from evidence
the Attorney General's child support payment record. In the final point of error, the
Attorney General contends the evidence is legally and factually insufficient to support a
finding of $18,297.89 in arrears.

 A November 4, 1991, divorce decree ordered Daniel Davies to pay $75.00 per week
in child support. On June 15, 1992, the Attorney General filed a notice of assignment
seeking, because of the children's receipt of public assistance, the payment of child
support through his office. The same day, the Attorney General filed a notice of
delinquency against Davies.

 In July 1995, the trial court signed an order enforcing child support obligation against
Davies. Davies did not pay as ordered. The Attorney General subsequently moved again
for enforcement of Davies' child support obligations.

 On November 16, 2000, a Title IV-D master, (1) after conducting a hearing on the
Attorney General's motion, signed a proposed "Order Enforcing Child Support Obligation." 
The trial judge signed the master's proposed order, adopting the order as the order of the
court, on November 17, 2000. This judgment found Davies in arrears in the amount of
$26,043.17 as of September 30, 2000. Davies timely filed an "Appeal from a Finding by
IV-D Master" on November 17, 2000. (2) This document requested a hearing de novo to
determine what, if any, arrearage should be assessed against him. Davies did not file a
motion for new trial or a motion to modify the November 17 judgment. 

 The trial court held a hearing on December 6, 2000, on the appeal of the master's
proposed order. On January 23, 2000, the trial court signed a second judgment finding
Davies in arrearage in the amount of $18,297.89. The January 23, 2000, judgment
purports to set aside the first judgment of November 17, 2000.

 The Attorney General, in his first point of error, contends the order of January 23,
2001, is void because it was signed outside the trial court's plenary jurisdiction; therefore,
the order signed by the judge on November 17, 2000, is the final, subsisting judgment.

 The trial court signed the first judgment on November 17, 2000. Davies did not file
a motion for new trial or for modification. Therefore, the judgment became final thirty days
after it was signed, and the trial court lost plenary jurisdiction to set it aside or change it. 
Tex. R. Civ. P. 329b(a), (f). Because the second judgment was signed outside the thirty-day plenary period, it is void. State ex rel. Latty v. Owens, 907 S.W.2d 484, 485-86 (Tex.
1995) (per curiam).

 In Latty, the court was faced with similar circumstances. In that case, Kris Owens
appealed a master's recommendation to the district court. Id. at 485. Before holding a
de novo hearing, the district court signed an order adopting the master's order as the order
of the court.  Id. Like Davies, Owens did not move for a new trial or for a modification of
the district court's order. Id. When Davies did not timely appeal from the first judgment
signed by the trial court on November 17, it became final. Owens only proceeded to a
hearing on his appeal. Id. The court signed a new judgment in the case more than thirty
days after having signed the initial judgment.  Id. The Texas Supreme Court held the
second judgment was signed after the court's plenary power had expired and therefore the
judgment was void:

 Even though Owens timely requested a de novo hearing to contest
the court master's recommendations and fully expected such a hearing to be
set, he should have petitioned the district court to vacate the first order
(which would have had the effect of a motion for new trial), timely appealed,
or filed a bill of review. He did none of these. The court of appeals should
have dismissed the State's appeal for lack of jurisdiction because the order
appealed from was signed long after the district court's plenary jurisdiction
had expired. Tex. R. Civ. P. 329b(d). Judicial action taken after the court's
jurisdiction over a cause has expired is a nullity. See Times Herald Printing
Co. v. Jones, 730 S.W.2d 648, 649 (Tex. 1987) (per curiam); First Alief Bank
v. White, 682 S.W.2d 251, 252 (Tex. 1984) (per curiam); Ex parte Olivares,
662 S.W.2d 594, 595 (Tex. 1983).


Id. at 486.

 We find the trial court's judgment signed on January 23, 2000, is void. It was signed
sixty-seven days after the signing of the November 17, 1999, judgment and thirty-seven
days after the expiration of the court's plenary power. Judicial action taken after the court's
jurisdiction over a cause has expired is a nullity. See Wilson v. Kutler, 971 S.W.2d 557,
558-59 (Tex. App.-Dallas 1998, no pet.) (request for de novo hearing from master's
recommendation did not function as motion for new trial with respect to judgment following
recommendation; therefore, second judgment signed more than thirty days after first was
void).

 We sustain the Attorney General's first point. Since this point of error is dispositive,
we do not address the Attorney General's second and third points of error.

 We dismiss the appeal.


 Donald R. Ross

 Justice


Date Submitted: November 5, 2001

Date Decided: November 15, 2001


Do Not Publish
1. Under Section 201.001 of the Texas Family Code, a judge with jurisdiction over a
suit involving child support may, under certain circumstances, appoint an associate judge
to hear and make recommendations to the referring judge. Tex. Fam. Code Ann.
§ 201.001(a) (Vernon Supp. 2001).
2. A party may appeal an associate judge's report by filing a notice of appeal not later
than the third day after the date the party receives notice of the substance of the associate
judge's report, as provided by Section 201.011. Tex. Fam. Code Ann. § 201.015(a) (Vernon
Supp. 2001). 



edium Grid 3 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00197-CR

                                                ______________________________

 

 

                                           KEVIN HOGUE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the County
Court at Law No. 2

                                                              Hunt County, Texas

                                                        Trial Court
No. CR0900774

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            After
having been observed exceeding the speed limit in a school zone, Kevin Hogue
was pulled over by peace officers and subsequently charged with misdemeanor
driving while intoxicated.  A Hunt County
jury convicted Hogue of the charge and then assessed punishment at 180 days
confinement in the county jail.   In its
punishment charge to the jury, the trial court failed to instruct the jury that
any extraneous offenses must be proven beyond a reasonable doubt.   Finding this error did not cause egregious
harm to Hogue, we affirm the trial courts judgment and sentence.   

            At
the punishment stage of Hogues trial, the State offered (without objection
from Hogue) documents establishing prior misdemeanor charges to which Hogue had
pled guilty, these being admitted into evidence.  The State did not elect to present any
further evidence.  Hogue then took the
stand and asked the jury to suspend any sentence and recommend community
supervision.  During his testimony, he
indicated that consumption of alcohol was part of his lifestyle.  During the course of the States
cross-examination, Hogue was asked how he intended to curtail his alcohol
drinking if he was placed on community supervision (as that would be one of the
courts requirements of supervision).  Hogue
said he would just [q]uit.  When the
State asked him how he would quit, Hogue responded that he had avoided alcohol
for a period of two years after he had wrecked his truck in 1994.  The State then asked how he had wrecked his
truck.  Hogues answer:  Drunk.[1]  

            On
appeal, Hogue argues that his gratuitous admission of having wrecked his
vehicle while drunk constituted evidence of an extraneous offense or bad act,
and, therefore, the trial court should have instructed the jury that it could
not consider any such conduct unless convinced such bad act was proven beyond a
reasonable doubt.  See Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a) (Vernon Supp. 2009); Huizar v. State, 12
S.W.3d 479, 484 (Tex. Crim. App. 2000). 
A defendant is entitled to have the jury receive a reasonable doubt
instruction regarding extraneous offenses without request.  Huizar, 12 S.W.3d at 484.  It is error if the trial court fails to apply
this jury instruction sua sponte when it is appropriate to do so.  Id.  Hogue did not request such an instruction and
did not otherwise object to the jury charge; absent such an objection or
request, we will not reverse on this point of error unless the record
demonstrates resulting egregious harm to him under the standard set out in Almanza.  Ngo v.
State, 175 S.W.3d 738, 74344 (Tex. Crim. App. 2005) (citing Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on rehg)); Mathonican v. State, 194 S.W.3d 59, 62,
66 (Tex. App.Texarkana 2006, no pet.).[2]

            Under
Almanza, the record must show that
Hogue suffered actual, rather than merely theoretical, harm from jury
instruction error.  Ngo, 175 S.W.3d at 750.  [E]rrors
which result in egregious harm are those which affect the very basis of the
case, deprive the defendant of a valuable right, or vitally affect a
defensive theory.  Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996) (quoting Almanza, 686 S.W.2d at 172).  In making an egregious harm determination, we
evaluate (1) the entire jury charge, (2) the state of the evidence, including
the contested issues and weight of probative evidence, (3) the arguments of counsel,
and (4) any other relevant information revealed by the record as a whole.  Almanza,
686 S.W.2d at 171.  

Almanza Analysis

            We
first consider the charge as a whole; except for the omission of an instruction
that extraneous acts must be proved beyond a reasonable doubt, Hogues jury
charge on punishment was legally adequate.[3]  We next consider the state of the
evidence.  The evidence from the
guilt/innocence phase of trial was available for the jurys consideration at
punishment.  Wright v. State, 212 S.W.3d 768, 776 (Tex. App.Austin 2006, pet.
refd).  Although the State did not
explicitly re-offer the evidence from the first phase of trial, such act is not
required.  Trevino v. State, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003).  At guilt/innocence, the State proved that
shortly after his arrest, Intoxilyzer results showed Hogue had breath-alcohol
contents of .200 and .205, well above the legal limit of .08.  Hogue told the arresting officer that he (Hogue)
had a drinking problem and that it was a good thing he had been arrested.  Hogue was stopped for speeding in a school
zone, going fifty-three miles per hour where the limit was thirty-five.  His eyes were glassy and bloodshot; his
speech slightly slurred; and he could not successfully complete the field
sobriety tests asked of him.  The only
contrary evidence was the opinion of Hogues passenger.  At the time of the traffic stop, Hogue was
driving an elderly woman for whom he worked to the doctor.  She opined he was not drunk at the time of
the stop, although she acknowledged he had drunk two beers between 11:00 a.m.
and about 2:50 p.m.  Obviously, the jury
could consider Hogues admission he had had one wreck previously while
intoxicated.   

            As
for argument of counsel, the State did not mention Hogues admission in closing
argument; only in rebuttal argument did the State reference Hogues statement
and then only briefly.  The State
requested a sentence near the high end of the range of punishment, from like
90 to 180 [days].  

Egregious Harm Not Shown

            Hogue
has not demonstrated there was actual harm and not just theoretical harm by the
absence of the proper instruction in the punishment charge.  See
Dickey v. State, 22 S.W.3d 490, 492
(Tex. Crim. App. 1999).  We cannot say that
he was deprived of any valuable right or that the charge error affected the
very basis of the case or vitally affected any defensive theory.  We overrule Hogues point of error and affirm
the judgment of the trial court. 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
7, 2010

Date Decided:             May
10, 2010

 

Do Not Publish           











[1]One
observes that there were numerous ways that Hogue could have made this
response, such as by describing the nature of the wreck.  The statement that he had been intoxicated at
the time in response to the question which was asked appears to have been
nothing more than an unsolicited admission.

 





[2]In
analyzing a jury charge complaint, we first determine whether error exists in
the charge and, then, if there was error, whether sufficient harm resulted from
the error to compel reversal.  Ngo, 175 S.W.3d at 74344.  If error occurs because of a failure to
properly instruct the jury, the standard of review depends on whether the
defendant lodged a proper objection.  If
a proper objection was raised, reversal is required if the error is calculated
to injure the rights of defendant.  Almanza, 686 S.W.2d at 171.  In other words, an error that has been properly
preserved is reversible unless it is harmless.  Id.  If a defendant does not object to the charge,
reversal is required only if the harm is so egregious that the defendant has
not had a fair and impartial trial.  Rudd v. State, 921 S.W.2d 370, 373 (Tex.
App.Texarkana 1996, pet. refd). 

 





[3]Although
the charge contains language instructing the jury not to consider Hogues failure
to testify as evidence against him, when the trial court read the charge to the
jury, it told the jury that paragraph did not apply because Hogue in fact
testified.