NO. 07-02-0507-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 15, 2004

_____

IN THE INTEREST OF CHASITY MARIE RODRIGUEZ

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 96-09-05516; HON. CARTER T. SCHILDKNECHT, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Jesus Rodriguez brings this appeal from a December 12, 2002 order of the trial court requiring him to pay $26,531 in asserted delinquent child support. The appeal is dismissed for lack of jurisdiction.

On October 24, 2002, the Honorable William C. Dodson, sitting by assignment, executed an order finding that appellant was delinquent in payment of child support in the amount of $26,531 but only rendered judgment against appellant in the amount of $13,000.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

The Attorney General filed an "Appeal of Master's Report" challenging this order but, before a hearing on this matter, the sitting district judge approved the October 24, 2002 order on October 30, 2002. Even so, the sitting district judge conducted a hearing on the Attorney General's appeal on November 12, 2002, and on December 12, 2002, 49 days after Judge Dodson signed his order and 43 days after the sitting district judge executed her approval, signed the order giving rise to this appeal.

The State has filed a response to the appeal in which it acknowledges that its "Appeal of Master's Report" was not sufficient to serve as either a motion for new trial or a motion to modify the October order signed and approved by both judges. *See Wilson v. Kutler*, 971 S.W.2d 557, 558-59 (Tex. App.–Dallas 1998, no pet.) Thus, it points out that without a motion for new trial or a motion to modify, correct, or reform the judgment under Texas Rule of Civil Procedure 329b, at most, the trial court's plenary power expired on November 29, 2002, 30 days after the last approval of the October order. Thus, it acknowledges, the December 12, 2002 order in question here was void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 484-86 (Tex. 1995); *Wilson v. Kutler,* 971 S.W.2d at 559.

In *Latty*, the court instructs that although "it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void." *Latty*, 907 S.W.2d at 486. Accordingly, as did the *Latty* court, we declare the December 12, 2002 order void because it was signed after the district court's plenary power had expired. This leaves intact the

2

October order as the final order establishing appellant's liability for the arrearage in child support.  Therefore, the appeal is dismissed.


John T. Boyd
Senior Justice