**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Joseph WARD,
Defendant-Appellant.**

**No. 84–1789
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1985.

Minton, Burton, Foster & Collins, Charles R. Burton, Scott A. Young, Austin, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Jack O'Donnell, Ms. Sidney Powell, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RANDALL and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

This is an appeal from a criminal contempt conviction under 18 U.S.C. § 401(3) for refusing to answer questions before a grand jury after being ordered to do so by a federal district court. Finding appellant's assertions that the conviction violated his constitutional guarantees of due process and against double jeopardy to be without merit, we affirm.

I.

Appellant, Edward Joseph Ward, was convicted pursuant to his guilty plea of possession of cocaine in October 1983. At the time of his arrest and interrogation in connection with that charge, appellant made remarks to Drug Enforcement Agen-

cy ("DEA") agents that indicated he had further knowledge of illicit drug activity. He was asked to provide such information, but, after initially signaling an intent to cooperate, declined to do so. At sentencing for the cocaine offense on October 27, 1983, the prosecutor cited appellant's prior convictions for drug offenses and a pending state charge, and expressly noted appellant's refusal to cooperate with the government; he asked the court to impose the maximum statutory sentence of fifteen years, with special parole term. The court imposed a ten-year sentence with a fifteen-year special parole term.

Nearly six months later, the same prosecutor requested the court to grant use immunity to appellant so that he might be called to testify before a grand jury investigating the matters about which he had previously refused to provide information. On April 18, 1984, the court granted use immunity. On the same day, and also at the request of the prosecutor, who believed appellant might continue to be uncooperative, the court entered a written order requiring appellant to answer questions propounded to him before the grand jury. Appellant was called to testify before the grand jury on April 24, 1984, at which time he refused to answer any questions put to him concerning drug activities.

Following this refusal to answer, appellant was taken before a second federal district court judge, who explained to him that, because of the grant of use immunity, he no longer had any Fifth Amendment right to refuse to answer the grand jury's questions. This judge, too, (orally) ordered appellant to answer questions put to him before the grand jury, and he advised appellant of the possible consequences of continued refusal to do so. Appellant returned to the grand jury room, but again refused to answer any drug-related questions, and offered no reason for his refusal. The grand jury that day returned an indictment against appellant for contempt under 18 U.S.C. § 401(3) for refusing to obey a lawful court order. Pursuant to a plea agreement under Fed.R.Crim.P. 11(a)(2), which reserved the right to appeal the deni-

al of appellant's motion to quash the indictment, appellant pleaded guilty to the contempt charge and was sentenced to a three-year term of imprisonment, to run consecutively to his prior term for the drug conviction.

## II.

Appellant asserts that, because his refusal to cooperate with the government was previously considered by a federal court sentencing him for the drug offense, he is being punished a second time for his refusal to answer questions, in violation of his constitutional guarantee against double jeopardy. Appellant expressly acknowledges that the court was within its discretion at the October 1983 sentencing for the cocaine offense to consider his refusal to cooperate. Nor does he dispute that an individual who refuses to testify under a grant of use immunity may properly be indicted (or cited) for contempt. Appellant in effect asserts that his refusal to answer before the grand jury even under a grant of use immunity constitutes a continuing refusal to cooperate, conjoined with his previous refusal to provide information. Appellant thus argues that, because the sentencing court had previously considered his refusal to cooperate in sentencing him for his drug conviction, he had already been punished once for refusing to answer, and that he may not again be punished for the same refusal.

As support for this proposition, appellant cites *Yates v. United States*, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957). But that case stands only for the proposition that repeated or serial refusals to answer the same or similar questions in a single proceeding may not be used to establish multiple, separate offenses for what is essentially a continuing single contempt. *Yates* is inapt here. These were clearly separate offenses, not merely a continuation of his previous refusal to answer questions. Appellant was not "in jeopardy," in the constitutional sense, for refusing to provide information at the time of his prior

sentencing. Certainly, the fact that a judge, when sentencing for a new offense, may take into account an earlier conviction for a prior offense when fixing the length of the sentence for the present offense, does not mean that the defendant sentenced thereby suffers "jeopardy" anew for the prior offense. *United States v. Ochoa,* 659 F.2d 547, 549 (5th Cir.1981), *cert. denied,* 455 U.S. 959, 102 S.Ct. 1472, 71 L.Ed.2d 678 (1982). A sentencing judge has broad discretion to consider various kinds of information about a defendant's background, character, or conduct in arriving at his sentence. *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980); *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 2613–16, 57 L.Ed.2d 582 (1978); *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949); 18 U.S.C. § 3577. This consideration, including consideration of appellant's refusal to cooperate, merely allows a sentencing court to assess the appropriateness of the sentence it will impose.[1] Punishment may fit the offender as well as the crime. *Roberts,* 100 S.Ct. at 1362; *Williams v. New York,* 69 S.Ct. at 1083. Moreover, the later refusal to obey the subsequent court order, though perhaps springing from the same motivation as the earlier refusal to "cooperate" prior to the 1983 sentencing, was a distinct act, committed at a different time and place and in a materially different legal setting, namely, when use immunity had been granted and the court had specifically ordered the appellant to answer.

### III.

■ Appellant's second contention is that he was effectively denied his constitutional right to due process of law by virtue of an exercise of prosecutorial vindictiveness. He asserts that the prosecutor forced him to appear before the grand jury knowing full well, on the basis of his prior adamant refusal to cooperate, that he would again refuse to give information.

He thus asserts, in essence, that the prosecutor arranged his appearance before the grand jury, knowing "it was more likely" that he would not answer, solely to obtain more punishment for appellant's previous noncooperation: "[Appellant] has been told that his refusal to 'squeal', even though not criminal itself, [can be considered in criminal sentencing], and he has also been told that the same refusal later becomes criminal if [the prosecutor] wishes to add a few more years to that prior sentence."

In support of this proposition, appellant argues that "one must be hard pressed to explain the lengths to which [the prosecutor] went" to arrange this situation, in spite of appellant's consistent refusal to testify previously, "a refusal for which [the prosecutor] had previously asked that [he] be punished." Appellant does not dispute that he may properly be cited or indicted for contempt for refusal to testify before the grand jury in violation of a court order to do so. He contends, instead, that the prosecutor's use of an otherwise legal means to secure information from a recalcitrant witness was improper and in violation of due process because the "prosecutor who has previously used all the resources at his command to insure that [appellant's previous] *non-criminal conduct* is used to increase punishment may subsequently, in good faith, attempt to make the same conduct criminal and institute prosecution upon it."

In determining whether there is to be a presumption of unconstitutional prosecutorial vindictiveness, the appropriate inquiry is whether the situation is one in which there exists a substantial and realistic likelihood of such motive, as, for example, where, after the defendant's prior exercise of a procedural or substantive legal right, or his having succeeded in reversing a conviction on appeal, the prosecution acts arguably to punish the exercise of such rights, by increasing the measure of jeopardy by bringing additional or more severe

---

1. The record does not reveal what influence, if any, the fact of appellant's noncooperation had on the sentencing judge, but it is difficult to infer an overriding influence in light of the court's assessment of a sentence at two-thirds of the maximum allowed by statute.

charges, or where the judge assesses a larger penalty upon subsequent conviction for the same offense following an earlier reversal. *See, e.g., Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Such actions, occurring in situations where the risk of vindictiveness is rife, thus give rise to a rebuttable presumption of vindictiveness. Absent such circumstances, no presumption arises. *Cf. United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 2491, 73 L.Ed.2d 74 (1982); *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

■ No such circumstances exist here. Nor has appellant succeeded in showing that actual vindictiveness motivated the prosecutor. The bringing of charges in response to a crime, or the bringing of contempt charges when a witness has refused to testify under a grant of use immunity, is indeed "vindictive" in the sense that the prosecutor is acting with the intention to obtain punishment for the crime that has been committed. The motive of the prosecutor is simply to prosecute. But this is not the kind of prosecutorial motivation that the Supreme Court addressed in *Pearce* and *Blackledge.* Appellant's conviction for contempt does not punish him for his refusal to cooperate with the government prior to sentencing for his drug offense conviction; it punishes him for his later refusal to obey a subsequent lawful court order, issued after he had been granted use immunity, to answer questions before the grand jury. "Although the term 'misprision of felony' now has an archaic ring, gross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship." *Roberts,* 100 S.Ct. at 1363.

The present offense involves an act that is clearly an instance of behavior in violation of federal law separate and distinct from appellant's previous refusal to cooperate.[2] That earlier refusal was no "defeat" for the prosecution, which made no attempt at that time to legally force appellant's cooperation. On the contrary, the prosecution was, if anything, presumably successful in having appellant's failure in this regard considered at his drug conviction sentencing. Nor is the present prosecution a *Blackledge*-type reprosecution for the same incident under more severe charges following a successful appeal, or a *Pearce*-type imposition of a harsher sentence upon reconviction for the same offense. The present prosecution for contempt was not pursued on account of the prosecution's failure to obtain appellant's cooperation in the first instance, but rather follows from appellant's subsequent and distinct act of disobedience in refusing to obey a later court order, issued after immunity had been granted following the cocaine conviction sentencing. This act of disobedience is a new circumstance, constituting a new offense, or, more correctly, the initial commission of a criminal contempt. The fact that appellant's original refusal to cooperate with the authorities may have been considered at the time of his cocaine conviction in 1983 does not grant him a license to maintain his silence should he later be granted immunity and be ordered to testify. The prosecution was not compelled to assume that he would break the law under these circumstances, nor to excuse him if he did.

Appellant knowingly and without legal excuse refused to obey a valid court order. Having consciously[3] and willingly made

---

**2.** It is perhaps arguable that, following a contempt conviction for such a refusal to testify before the grand jury, a subsequent refusal to testify before another grand jury concerning the same matters might well constitute a continuing and single contempt violation, as in *Yates v. United States,* 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957). We are not, however, confronted here with such a situation.

**3.** Appellant had benefit of legal counsel at the time of his grand jury appearance and at the trial of the contempt charge; appellant was advised of the risks attendant to his refusal to testify.

such a choice, he must harvest the fruits of his decision. His conviction is affirmed.

AFFIRMED.