**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 95-40368

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED ROBINSON,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas
(1:94-CR-86)

---

March 18, 1996

Before POLITZ, Chief Judge, DeMOSS and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

Convicted of two counts of perjury, 18 U.S.C. § 1623, Fred Robinson appeals, contending that the statements found perjurious were not material to the matter then before the court and, further, that the prosecution should have been dismissed as vindictive. We reverse the convictions and vacate the sentences.

## Background

In March 1994, Robinson and several others were indicted for conspiring to assist his

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

brother Clarence to escape from custody, aiding and assisting in that escape, and possession of a firearm during or in relation to a crime of violence. During his detention prior to trial, Robinson was placed in solitary confinement and shackled when allowed out of his cell. He moved for alteration of the conditions of his confinement, alleging that certain conditions violated his due process rights. The district court referred the motion to a magistrate judge for an evidentiary hearing and recommendation. At this hearing, Robinson testified concerning the conditions of his pretrial confinement and stated that he had never threatened any jailers; specifically, he testified that he did not say to Jefferson County jailer David Prejean "I should have shot when I had the chance." On recommendation of the magistrate judge the district judge denied the motion on the grounds that the court lacked authority to grant the relief therein sought.

While awaiting trial, Robinson was indicted on three counts of perjury based on his testimony before the magistrate judge on the aforementioned motion. A motion to dismiss the perjury indictment as being the product of prosecutorial vindictiveness was denied. At trial of the perjury count several witnesses testified that Robinson had made the threats. Robinson offered no evidence but at the close of the government's case filed a Rule 29 motion to acquit for insufficient evidence.[1] The motion was denied. The court instructed the jury that the subject statements were material to the issue before the court in the magistrate judge's hearing. The jury returned a verdict of guilty on the two counts submitted to it.[2] Robinson appeals.

Analysis

Robinson was convicted under 18 U.S.C. § 1623. This statute, captioned "False

_____

[1]Fed.R.Crim.P. 29.

[2]The prosecution dismissed one perjury count before trial.

declarations before grand jury or court," makes it a crime to "knowingly make[ ] any false material declaration" while "under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States." Robinson contends that the district court erred in holding that his alleged false statements were material to the issue before the court.

Robinson's claim is essentially a challenge to the denial of his Rule 29 motion for judgment of acquittal. When the denial of a Rule 29 motion is challenged, "[t]he standard of review . . . is whether 'viewing the evidence presented most favorable to the Government, a reasonable minded juror could accept the relevant and <u>admissible</u> evidence as [adequate] and <u>sufficient to support</u> the conclusion of the defendant's guilt beyond a reasonable doubt.'"[3] For a statement to be material under 18 U.S.C. § 1623, it must have been capable of influencing the tribunal on a pending issue.[4] Robinson maintains that his denial that he threatened the jailers could not have influenced the court on the issue before it because the court ruled that it lacked authority to grant the relief sought in the pending motion. Robinson contends that because the district court lacked jurisdiction on the conditions of confinement motion, there effectively was no issue before the court upon which the tribunal could have been influenced.

We entertain no doubt that Robinson lied to the court while under oath. We likewise entertain no doubt that the prosecution failed to establish the essential element of materiality, an imperative for a conviction under section 1623, because the district court, before whom the perjury occurred,  lacked the authority to grant relief on the motion on which the

---

[3]**United States v. Lindell**, 881 F.2d 1313, 1326 (5th Cir. 1989) (emphasis added), <u>cert</u>. <u>denied</u>, 493 U.S. 1087 <u>and</u> 496 U.S. 926 (1990).

[4]<u>See</u> **United States v. Abroms**, 947 F.2d 1241 (5th Cir. 1991) (stating that a misrepresentation is material if it has the natural tendency to influence the decision of the tribunal on the issue to which it is addressed), <u>cert</u>. <u>denied</u>, 505 U.S. 1204 (1992).

3

perjurious testimony was given. Robinson's perjury, though contemptuous of the court, could not have influenced the court on the issue of Robinson's pretrial confinement because the court had no jurisdiction to consider that issue. We conclude, as a matter of law, that the evidence failed to establish that the misstatements were material under 18 U.S.C. § 1623 and, accordingly, we reverse the perjury convictions and vacate the sentences thereon.

Robinson next challenges the district court's denial of his motion to dismiss for vindictive prosecution. He contends that he was subjected to more severe punishment for exercising a protected right, specifically the right to challenge the conditions of his pretrial confinement. He maintains that the prosecution was designed to deter him from taking the stand.

In light of our reversal of the perjury convictions and our vacating of the sentences imposed, the vindictive prosecution case is mooted. Were it not so, we would affirm the trial court's dismissal of the vindictive prosecution challenge because it cannot be gainsaid that a prosecution for an offense based on conduct separate and distinct from a prior offense does not, without more, constitute vindictive prosecution.[5]

Convictions REVERSED; sentences VACATED.

---

[5]**United States v. Ward**, 757 F.2d 616 (5th Cir. 1985).