IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40991
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN DEWAYNE WALKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CR-55-1
--------------------
February 6, 2003

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:*

Stephen DeWayne Walker appeals his sentence following his guilty-plea conviction for possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a). He argues that the district court erred in relying on the Presentence Report (PSR) to determine drug quantity and that the Government breached the plea agreement at sentencing by supporting the district court's drug quantity determination.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Walker raises these arguments for the first time on appeal, this court's review is for plain error only.  See FED. R. CRIM. P. 52(b); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), abrogated in part, Johnson v. United States, 520 U.S. 461 (1997).

A PSR generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge when making factual determinations required by the Sentencing Guidelines. United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996). Walker fails to demonstrate that the information in the PSR regarding the amount of drugs involved was "materially untrue, inaccurate or unreliable."  Id.  Furthermore, Walker's reliance on United States v. Taylor, 277 F.3d 721 (5th Cir. 2001), and United States v. Shacklett, 921 F.2d 580 (5th Cir. 1991), is misplaced as the plea agreements in those cases contained "use immunity" provisions.  There is no such provision in Walker's plea agreement.

In determining whether the Government has breached a plea agreement, the court must determine whether the Government's conduct is consistent with the parties' reasonable understanding of the agreement.  United States v. Chagra, 957 F.2d 192, 194 (5th Cir. 1992).  Contrary to Walker's contentions, the plea agreement did not include terms concerning the quantity of drugs for which Walker would be held accountable or the probable sentence he would receive.  Moreover, Walker's understanding that

his sentence would be based on the amount of drugs alleged in the information was not reasonable in light of the plea agreement's provisions regarding his sentencing.  See id. at 195.

Based on the foregoing, Walker fails to demonstrate error, plain or otherwise.  See Calverley, 37 F.3d at 162-64. Accordingly, the district court's judgment is AFFIRMED.