IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41214
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CANO-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-86-1
--------------------
March 12, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Cano-Sanchez ("Cano") appeals the sentence following his guilty plea conviction for possession with intent to distribute more than 1000 kilograms of marijuana.  He argues that the district court erred by not applying the "safety valve" provision in U.S.S.G. § 5C1.2 because he provided the Government with all the information and evidence he had concerning his offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's refusal to apply the "safety valve" provision is a factual finding reviewed for clear error. United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996). Here, because Cano admitted that his cousin hired him to transport marijuana and admitted that he knew his cousin had houses, he could be reasonably expected to know how to contact him. Cano, however, did not disclose where his cousin was located or how he could be contacted. Thus, the district court based its finding that Cano had not made a full disclosure on sufficient evidence and not "mere conjecture." See United States v. Miller, 179 F.3d 961, 968 (5th Cir. 1999). Accordingly, the district court did not clearly err in refusing to grant "safety valve" relief.

Cano also contends that the Government violated the plea agreement by opposing the application of the "safety valve" provision. Cano did not raise this issue below, and therefore we review for plain error. See United States v. Salter, 241 F.3d 392, 394 (5th Cir. 2001). The unambiguous language of the plea agreement contemplated the statutory minimum sentence that Cano received and did not prohibit the Government from arguing against the application of the "safety valve" provision. Accordingly, the Government did not breach the plea agreement and there was no error, plain or otherwise. See United States v. Chagra, 957 F.2d 192, 195 (5th Cir. 1992).

AFFIRMED.