IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51283
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA BELTRAN RAMOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-65-ALL

March 12, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maria Beltran Ramos ("Beltran") appeals the sentence following her guilty plea conviction for harboring and concealing a person from arrest in violation of 18 U.S.C. § 1071. She argues that the Government violated her plea agreement by arguing at sentencing that her base offense level should not be limited to 20 under the "harboring only" provision of U.S.S.G. § 2X3.1(a) because

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her relevant conduct included the underlying drug conspiracy. While Beltran did object to the base offense level recommended in the presentence report and adopted by the district court on the ground that it was contrary to the plea agreement, she did not argue below that the Government violated her plea agreement by making this argument at sentencing. Accordingly, we review this issue for plain error only. See United States v. Reeves, 255 F.3d 208, 210 n.2 (5th Cir. 2001).

Although Beltran may have believed that the plea agreement prohibited the Government from arguing that her base offense level should be based upon the underlying drug conspiracy, she has not shown that this belief was reasonable. See United States v. Cantu, 185 F.3d 298, 304 (5th Cir. 1999). The plea agreement specifically stated that Beltran would be sentenced in accordance with the Sentencing Guidelines, which provide that sentencing courts may consider relevant conduct from dismissed charges in determining the base offense level. R. 1, 38; United States v. Byrd, 898 F.2d 450, 451-452 (5th Cir. 1990). Furthermore, Beltran's benefit from the plea agreement was not illusory. Because she pleaded guilty only to the harboring and concealing charge, her base offense level was reduced by six pursuant to U.S.S.G. § 2X3.1(a) and her statutory maximum sentence was limited to five years. See 18 U.S.C. § 1071. Contrary to Beltran's contention, the section of the plea agreement concerning sentencing specifically allowed the Government to make a wide range

of arguments at sentencing and did not limit the Government in any manner.  R. 1, 41.  Accordingly, the Government did not breach the plea agreement and there was no error, plain or otherwise.  See United States v. Chagra, 957 F.2d 192, 195 (5th Cir. 1992).

**AFFIRMED.**