**Ronnie Joe NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00200–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted June 19, 2003.

Decided Aug. 20, 2003.

Kathryn B. Moon, Longview, for appellant.

Bill Saban, Asst. County Atty., G. Kyle Freeman, County & Dist. Atty., Henderson, for appellee.

Before MORRISS, C.J., CARTER and GRANT,* JJ.

## OPINION

Opinion by Justice GRANT (Retired).

Ronnie Joe Neal appeals from his conviction by the trial court for possession of a deadly weapon in a penal institution. The trial court sentenced Neal to six years' imprisonment.

Neal contends that his conviction violated the Double Jeopardy Clause, that the trial court erred by failing to grant his motion to quash the indictment, and that the conviction was in violation of his rights because of prosecutorial vindictiveness.

A review of the background to this case is critical to understanding this prosecution. While incarcerated, and two months after he was convicted on the underlying offense, the State indicted Neal on September 9, 1998, for possession of a weapon

* Ben Z. Grant, Justice, Retired, Sitting by Assignment

in a penal institution. Two years later, on November 13, 2000, Neal signed a plea bargaining agreement (also signed by the State) agreeing to accept two years' confinement on that charge. He was bench warranted to Rusk County for the plea hearing. However, on the date of the hearing, defense counsel discovered that Neal had been returned from the Rusk County Jail to the Texas Department of Criminal Justice for medical reasons.

Thereafter, on November 17, 2000, the State's attorney filed a motion to dismiss the prosecution.

Four months later, on March 6, 2001, the State reindicted Neal for the same offense.

The evidence shows that on May 20, 2000, Neal had filed a federal lawsuit against Rusk County alleging violations of civil rights. On February 28, 2001, the federal court held a one-day trial. Six days later, on March 6, the State reindicted Neal. It is unclear when judgment was rendered in the case, but Neal testified he received the "lawsuit packet" on April 19, documenting he had won a $6,000 judgment, and he testified Rusk County had paid the judgment.

## DOUBLE JEOPARDY

■ Neal first contends this prosecution should have been terminated because the conviction was obtained in violation of the Double Jeopardy Clause of the United States Constitution.[1] The Double Jeopardy Clause protects against the risk of multiple punishments for the same offense and

against the risk of successive prosecutions. *United States v. Dixon*, 509 U.S. 688, 695–96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Generally, however, the State is free to dismiss an indictment and reindict without implicating the constitutional prohibition against double jeopardy. *Proctor v. State*, 841 S.W.2d 1, 3 (Tex.Crim.App.1992); *State v. Roberts*, 932 S.W.2d 700, 702 (Tex. App.-Tyler 1996, no pet.); *Serna v. State*, 882 S.W.2d 885, 888 (Tex.App.-Corpus Christi 1994, no pet.).

■ The key question is whether the dismissal occurs after jeopardy attaches. If, after jeopardy attaches, a charge is dismissed, waived, or abandoned, the State is barred from later relitigating those allegations. *State v. Florio*, 845 S.W.2d 849, 852 (Tex.Crim.App.1992); *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex.Crim.App. 1992). Jeopardy attaches when the jury is empaneled and sworn, *Hill v. State*, 90 S.W.3d 308, 313 (Tex.Crim.App.2002), or for bench trials, when both sides have announced ready and the defendant has pleaded to the charging instrument. *See Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim.App.1996); *Preston*, 833 S.W.2d at 518; *State v. Henry*, 25 S.W.3d 260, 263 (Tex.App.-San Antonio 2000, no pet.).

### As applied:

■ In this case, the evidence shows that even though the State had signed a plea bargaining agreement, Neal was sent back to prison without the knowledge of the trial court or his lawyer before the plea of guilty was taken. Under the cases

---

1. Amendment V to the United States Constitution provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for

the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V.

cited above, jeopardy did not attach, and his double jeopardy argument therefore fails.

## MOTION TO QUASH

Neal next contends the trial court erred by denying his Motion to Quash the indictment. Neal argues the court erred by denying his motion—not on the merits of his double jeopardy contention—but because it was properly a pretrial motion that was not timely filed.

The hearing covers a number of items, but focuses on the fact that Neal had been indicted previously for the offense and that the indictment had been dismissed. Although the trial court wrote a letter stating it had denied the motion because it was untimely filed under TEX.CODE CRIM. PROC. ANN. art. 28.01 (Vernon 1989), the order merely states that the motion was denied.

The State takes the position that Neal's motion is purely pro forma and that it does not raise double jeopardy claims. This is incorrect. The motion contains several parts, one of which focuses clearly and with specificity on Neal's claim that double jeopardy should apply and that the prosecution should therefore be terminated.

■ A double jeopardy claim may be raised for the first time on appeal or in a collateral attack when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate State interests. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex.Crim.App.2000); *Duvall v. State*, 59 S.W.3d 773, 776–77 (Tex. App.-Austin 2001, pet. ref'd).

This Court has recently discussed *Gonzalez* in *Barnett v. State*, 83 S.W.3d 810, 813 (Tex.App.-Texarkana 2002, no pet.). We recognized there that the type of double jeopardy claim being asserted, as in

this case, is "successive prosecution for the same offense." *Bauder v. State*, 921 S.W.2d 696, 697 (Tex.Crim.App.1996).

■ Motions are to be analyzed not simply by their titles, but by their contents. In other words, a court should look to a motion's content rather than its title to determine its nature. *See* TEX.CODE CRIM. PROC. ANN. art. 1.27 (Vernon 1977); TEX.R. CIV. P. 71; *In re B.O.G.*, 48 S.W.3d 312, 316 (Tex.App.-Waco 2001, pet. denied); *Wilson v. Kutler*, 971 S.W.2d 557, 559 (Tex.App.-Dallas 1998, no pet.); *Matz v. Bennion*, 961 S.W.2d 445, 452 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *Hodge v. Smith*, 856 S.W.2d 212, 214 n. 1 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

In this case, we have already reviewed the double jeopardy contention, and we have found it to be without merit. Thus, the trial court did not err in overruling the motion.

## PROSECUTORIAL VINDICTIVENESS

■ Neal further contends the second prosecution is the result of prosecutorial vindictiveness. The following dates are relevant to our discussion of this issue:

### Relevant Dates

June 16, 1998 Neal possessed sharpened toothbrush while in Rusk County jail.

September 9, 1998 Neal indicted for possession of a deadly weapon, to wit: sharpened toothbrush, in a penal institution.

May 20, 2000 Neal filed federal suit against the county for alleged civil rights violations while in jail.

November 13, 2000 Parties signed plea bargaining agreement on the possession of a deadly weapon charge agreeing that Neal would receive two years in the penitentiary.

On or about November 14–16, 2001 Neal returned to the penitentiary without a hearing and without notice to his attorney.

November 17, 2001 Deadly weapon charge dismissed by the State because, "The Defendant was convicted in another case."

February 28, 2001 One-day trial held in federal court on the civil suit brought by Neal.

March 6, 2001[2] Neal reindicted in Rusk County on the deadly weapon charge (# 2001–076).

April 19, 2001 Neal received notice that he won the federal lawsuit judgment against the county for $6,000.00 for treatment while he was in jail.

August 15, 2002 Neal pleads "not guilty" at a bench trial, and punishment assessed at six years in the penitentiary.

In the present case, the State is accused of acting in a vindictive manner because Neal filed and won a civil lawsuit against Rusk County for acts that occurred while he was in the Rusk County jail.

One of the earliest, perhaps the first case, to recognize prosecutorial vindictiveness was *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This case held that the Fourteenth Amendment was applicable to the states and forbade multiple punishments for the same offense.

■ The underlying rule of law is set out in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is "patently unconstitutional."

*Id.* at 363, 98 S.Ct. 663 (citations omitted).

Cases in other jurisdictions applying this rule involve reprosecutions or reindictments of individuals following their successful appeals and choices made by prosecutors to change the prosecutions to include enhancements, additional charges, or the like.

For example, in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the United States Supreme Court used the rationale of *Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, to hold that a State may not bring a charge that is more severe after a defendant has had his or her conviction overturned on appeal. *Blackledge*, 417 U.S. at 29–30, 94 S.Ct. 2098. The Court reasoned that

A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.

*Id.* at 28, 94 S.Ct. 2098. In such a situation, it is not necessary to prove malice or bad faith on the part of the prosecutor. *Id.* at 27, 94 S.Ct. 2098; *Doherty v. State*, 892 S.W.2d 13, 15 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd).

■ In all such situations, the decision as to whether prosecutorial vindictiveness exists must be decided on a case-by-case basis, based on each individual record. *Lopez v. State*, 928 S.W.2d 528, 533 (Tex. Crim.App.1996); *Godsey v. State*, 989 S.W.2d 482, 495 (Tex.App.-Waco 1999, pet. ref'd).

---

**2.** Although the Presentment of Indictment shows the year 2002, all other documents, including the Indictment, suggest the correct year was 2001.

These types of cases usually have in common the fact that they involve a change made by the State, in the exercise of its discretion, in the nature of a reindictment resulting in imposition of a heavier sentence on a defendant. The ultimate question is whether those changes were the result of vindictive behavior by the State, or whether the State's actions in making those changes were otherwise supportable. The principle is the same when a criminal punishment is given because of the filing of civil actions for violations of civil rights.

In *United States v. Mahdi*, 777 A.2d 814 (D.C.App.2001), a similar situation was also discussed. In that case, an indictment was dismissed, the defendant filed a civil lawsuit, and the State then refiled the indictment (with a higher charge added). The trial court dismissed the additional charge based on vindictiveness, but allowed the original charge to continue.

The appellate court acknowledged the authority concerning changes resulting from plea negotiations (and their failure), but then stated that because the State admitted "accelerating" the procedure of reindictment after learning of the civil suit, and the addition of new charges, there was evidence to show an appearance of vindictiveness and a "realistic likelihood" of vindictiveness.

However, after reviewing the testimony, the appellate court reversed the trial court, stating that the presumption of vindictiveness was adequately rebutted by the State's testimony explaining that the original dismissal was due to procedural errors in its office and that the intention to pursue both charges had existed before trial. In doing so, the court also acknowledged *Goodwin*'s recognition that the State has leeway to add charges before trial. *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982).

Finally, as pointed out in *Watson v. State*, 760 S.W.2d 756, 759 (Tex.App.-Amarillo 1988, pet. ref'd), the

Hostility of a prosecutor towards a defendant is not, in and of itself, the constitutional equivalent of prosecutorial vindictiveness. The adversarial nature of every prosecution involves hostility to a greater or lesser degree. The essence of prosecutorial vindictiveness is retaliation by a prosecutor against a defendant for the defendant's exercise of a constitutional or statutory right, and the chilling effect that such retaliation has on the free exercise of those rights.

The record in this case shows that possession of a weapon in a penal institution had been charged, but dismissed. The evidence also shows that the same charge was brought again after the civil lawsuit was tried.

The prosecutor testified that he did not reindict because the sheriff's office demanded it, but then backed off that position to state that the sheriff's office indicated it objected to the dismissal. Officer Jerry Kesinger, the jail administrator, testified that Neal, while he had been in his custody before his 1998 conviction, had written letters in which he attempted to convince a girlfriend to smuggle a pistol into the jail. Kesinger also testified he had no knowledge of any bad acts by Neal while Neal was in jail or prison after that time.

We must first determine whether there was sufficient evidence to raise a presumption or reasonable inference of vindictiveness. An appellate court must examine the State's conduct in light of the entire proceeding to determine whether it gives rise to a presumption of vindictiveness. *Id.* It is not necessary to prove malice or bad faith to show vindictiveness. *Doherty*, 892 S.W.2d at 16 (mo-

tion for rehearing and petition for discretionary review was refused). In trying the issue of vindictiveness, the burden of proof by preponderance of the evidence is on the defendant who raises the affirmative defense. *United States v. Krezdorn,* 718 F.2d 1360, 1365 (5th Cir.1983).

In determining whether there is to be a presumption of unconstitutional prosecutorial vindictiveness, appropriate inquiries must be made of whether the situation is one in which there exists a substantial or realistic likelihood of such a motive. For example, after the defendant's prior exercise of a procedural substantive legal right, the State arguably acts to punish exercise of such rights, such actions give rise to a rebuttable presumption of vindictiveness. *United States v. Johnson,* 91 F.3d 695 (5th Cir.1996); *United States v. Ward,* 757 F.2d 616, 620 (5th Cir.1985).

It is the timing in the present case that gives rise to an inference or presumption of prosecutorial vindictiveness. The case had been dismissed and was not refiled until after Neal went to trial and was awarded damages for violations of his civil rights against Rusk County. This newly-filed action for the same charge that had been dismissed resulted in an increase from the original plea bargaining agreement of two years to a sentence of six years. The delay caused by the dismissal further denied Neal the time he could have had running concurrently with the underlying sentence.

Generally, the presumption of prosecutorial vindictiveness arises only when a defendant has exercised some constitutional right (usually an appeal), and thereafter the State files a more serious charge. "A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo,* without apprehension that the State will retaliate by substituting a *more serious charge* for the original one, . . . ." *Blackledge,* 417 U.S. at 28, 94 S.Ct. 2098 (emphasis added). Some cases have indicated that the filing of a more serious charge is required to invoke a presumption of vindictiveness. *See, e.g., Neal v. Cain,* 141 F.3d 207, 214 (5th Cir.1998). Even though the charges are exactly the same in this case, the reasoning still applies. The sequence of events was that the State dismissed Neal's charge completely, the civil suit was heard, and then the State refiled the same charge. So in this case, Neal's position changed from being free from all charges to being subjected to a newly-filed charge—hence the "same" charge (as the original one) is "more serious" (than no charge at all).

This case does not fit neatly with most prosecutorial vindictiveness cases, as they usually involve an appeal from an original charge and then a filing of a more serious one. However, in those cases, the defendant still has a charge pending even after the case has been remanded for retrial. It is the filing of more serious charges that invokes the presumption in those cases. Here, before the civil suit trial, Neal had no charge pending. Because Neal went from having no charge to the new indictment at this critical point, we find it is analogous to the "more serious charge" concept and invokes the presumption of vindictiveness.

Neal also points out that he lost the benefit of the plea bargaining agreement. The *Ehl v. Estelle* case suggests that a change of plea bargaining position following the conviction and after the defendant exercised a constitutional right to challenge that conviction gives a presumption of prosecutorial vindictiveness. 656 F.2d 166, 169 (5th Cir.1981). This is not the situation in the present case, but nonetheless demonstrates that the use of plea bargaining and changes in the State's posi-

tion after agreement has been entered into by the defendant can create a presumption of prosecutorial vindictiveness.

 When a defendant violates his or her plea bargaining agreement or rejects a plea bargaining agreement, then the State is not bound by the terms of the plea bargaining agreement. In the present case, there was no breach of the plea bargaining agreement or no rejection of the plea bargaining agreement by Neal. Neal had executed the plea bargain agreement and did not get an opportunity to enter his plea before the trial court based on the plea bargaining agreement. A plea bargaining agreement has no effect until it is entered and accepted by the trial court. *Dorsey v. State*, 55 S.W.3d 227, 232 n. 1 (Tex.App.-Corpus Christi 2001, no pet.) (until the trial court accepts a plea agreement, the agreement is not binding on the parties).

If events occurred after the time of the dismissal, this could alter the initial exercise of the State's discretion in dismissing the case. *See Krezdorn*, 718 F.2d at 1365. But if the State uncovers additional information which suggests the basis for further prosecution, this is not prosecutorial vindictiveness. *Ex parte Bates*, 640 S.W.2d 894 (Tex.Crim.App.1982).

When a claim of prosecutorial vindictiveness is raised, the record must be examined to see if the prosecutorial conduct, in the light of the entire proceeding suggests that the conduct was motivated by some purpose other than vindictiveness. In that event, no presumption of vindictiveness attaches. *United States v. Wells*, 262 F.3d 455 (5th Cir.2001).

In the present case, the State indicated that some of the staff members from the sheriff's office were displeased by the dismissal. The question then becomes whether this is a proper motivation that would negate prosecutorial vindictiveness. Because both the State and the law enforcement authorities participate on the side of the State in a joint effort to convict defendants, a suggestion from parties connected with the State coming after the legal proceeding dismissing the charge could not be considered as a factor negating the vindictiveness presumption. Further, no conduct by Neal, other than obtaining the civil judgment, was shown. Thus, there was no evidence to overcome the presumption of vindictiveness. This point is sustained.

The conviction against Neal is reversed and the case dismissed for all purposes.