**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 5, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51353
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTIAGO ANGUIANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 5:04-CR-371-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Santiago Anguiano pleaded guilty, pursuant to a written plea agreement, of conspiracy to possess with intent to distribute 100 kilograms or more of marihuana. He argues on appeal that the government agreed in the plea agreement to withdraw its request that the sentence be enhanced pursuant to 21 U.S.C. § 841(b)(1)(B) based on his prior drug felony convictions and that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court and the government violated the plea agreement when the court increased his sentence pursuant to the sentencing guidelines based on those convictions. There is, however, no evidence in the record to support an objectively reasonable understanding by Anguiano that the plea agreement precluded guideline enhancements based on the convictions. See United States v. Chagra, 957 F.2d 192, 194 (5th Cir. 1992).

Anguiano contends the district court erred in using his prior drug convictions to calculate his guideline sentencing range because 21 U.S.C. § 851 requires the government to file an information stating that the convictions would be relied on to increase his sentence. He further argues that the court erroneously regarded the sentencing guidelines as mandatory, rather than advisory, and that his sentence is unconstitutional under United States v. Booker, 543 U.S. 220 (2005).

The plea agreement included a provision in which Angiano waived his right to appeal his sentence on any ground other than ineffective assistance of counsel or prosecutorial misconduct. Because the government has invoked the appeal waiver, because Anguiano does not contend that the waiver was not made knowingly or voluntarily, and because his arguments fall within the scope of the waiver, we are barred from considering these issues. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005).

AFFIRMED.

2