In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00237-CR


______________________________




RAYMOND ROSBOROUGH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 34109-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Raymond Rosborough pled guilty to the offense of evading detention using a vehicle, a state
jail felony. Tex. Penal Code Ann. § 38.04(b)(1) (Vernon 2003). After properly admonishing
Rosborough, the trial court accepted the plea of guilty and sentenced Rosborough to fifteen months'
confinement. Such sentence was to be consecutive to a seven and one-half-year sentence
Rosborough had been assessed in a jury trial for aggravated assault. (1) The guilty plea in this case did
not involve any negotiated plea agreement. Rosborough's sole point on appeal is that the State and
the trial court acted in a vindictive manner in assessment of punishment and violated the Due Process
Clause of the Fourteenth Amendment. We affirm the judgment of the trial court. 

 In this case, Rosborough was indicted for evading detention March 1, 2006, for an act
committed December 10, 2005. For the offense of aggravated assault allegedly occurring in
February 2006, Rosborough was convicted by a jury in October 2006. On November 30, 2006,
Rosborough pled guilty in this case. After Rosborough entered his guilty plea, the State advised the
trial court that Rosborough had received a seven and one-half-year sentence for the aggravated
assault charge and recommended a fifteen-month sentence consecutive to or stacked on the seven
and one-half-year sentence. Counsel for Rosborough responded, "[O]bviously I don't, agree with
the stacking, your Honor" and argued that stacking would be inappropriate. The State opined that
it thought Rosborough received a "lenient" sentence in the aggravated assault charge. The trial court
then reviewed the facts of the instant case and concluded that this evading detention charge was a
serious offense and that the facts showed a potential for great harm. The trial court assessed
punishment at fifteen months' confinement in a state jail facility consecutive to the aggravated assault
sentence. After no objection was made to formally pronouncing sentence, the trial court sentenced
Rosborough. A motion for new trial only raised general issues and a disproportionate sentence issue.

 We find this case is controlled by Neal v. State, 150 S.W.3d 169 (Tex. Crim. App. 2004). 
In Neal, this Court determined that the renewed prosecution of the defendant--after the defendant
filed a federal civil rights suit against the county--raised a presumption of prosecutorial
vindictiveness. Neal v. State, 117 S.W.3d 301 (Tex. App.--Texarkana 2003), rev'd, 150 S.W.3d 169
(Tex. Crim. App. 2004). The Texas Court of Criminal Appeals reversed and found that the
defendant forfeited the vindictiveness claim by failing to comply with Rule 33.1(a) of the Texas
Rules of Appellate Procedure. It was determined that the vindictiveness claim was never timely
presented, was not specific, and was not ruled on by the trial court. Neal, 150 S.W.3d at 175-78. 
The Texas Court of Criminal Appeals analyzed the punishment hearing where the issue of
"retaliation" was raised and found that the complaint at trial was nonspecific and that it was not ruled
on by the trial court. Id. at 178. (2) 

 In this case, there is no mention of vindictiveness, retaliation, or any suggestion of a due
process violation on the part of the State or the court at any time before the appellate brief was filed. 
We have searched the trial record--which includes the plea of guilt proceeding, all motions filed
with the trial court before trial, and the motion for new trial. No allegation of vindictiveness is raised
at the trial court level. Rule 33.1 requires a timely, specific complaint by objection, request, or
motion to the trial court in order to present an issue on appeal. Further, the issue must be ruled on
expressly or implicitly by the trial court. Tex. R. App. P. 33.1. Having found none of these
requirements were met, we hold the issue of vindictiveness was not preserved for appeal. 

 In Neal, the Texas Court of Criminal Appeals was faced with only an allegation of
prosecutorial vindictiveness, not judicial vindictiveness. We see no reason that an allegation of
judicial vindictiveness should not also require the same preservation of error as does an allegation
of prosecutorial vindictiveness. However, if the issue of judicial vindictiveness was properly before
us, it would not apply to the facts of this case. Judicial vindictiveness only applies "whenever a
judge imposes a more severe sentence upon a defendant after a new trial." North Carolina v. Pearce,
395 U.S. 711, 726 (1969). Here, there has not been a "new trial"; this appeal arises from the first
and only trial of the instant case. Therefore, there can be no showing that the trial court was
vindictive when imposing the complained-of sentence. Rosborough's point on appeal is overruled. 





 We affirm the judgment of the trial court. 


 Jack Carter

 Justice


Date Submitted: June 20, 2007

Date Decided: July 17, 2007


Do Not Publish
1. The aggravated assault case is also appealed to this Court and has been disposed of by a
separate opinion in cause number 06-06-00212-CR.
2. However, Judge Womack in a dissenting opinion joined by Judges Price and Johnson
thought the record demonstrated preservation of the issue. Neal, 150 S.W.3d at 180 (Womack, J.,
dissenting).